**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**MICHAEL PLUMMER,**<br><br>        **Defendant.** | **Case No. 23-CR-299 (CJN)** |

**GOVERNMENT'S REPLY IN SUPPORT OF MOTION *IN LIMINE* TO
IMPEACH DEFENDANT WITH PRIOR CONVICTION PURSUANT
TO FEDERAL RULE OF EVIDENCE 609 AND PRIOR PERJURY
PURSUANT TO FEDERAL RULE OF EVIDENCE 608**

The government submits the following memorandum in further support of its request to impeach defendant with his prior convictions and prior instance of perjury. First, Federal Rule of Evidence 609 permits the government to impeach the defendant during a cross examination with the fact that the defendant was convicted of various offenses, the length and date of his conviction, as the probative value outweighs any prejudice. Second, Federal Rule of Evidence 608 permits the defendant, if he testifies, to be cross examined regarding his previous act of perjury. The government's position as to both his prior convictions and prior perjury is reasonable and supported by law.

**ARGUMENT**

**A. THE GOVERNMENT SHOULD BE PERMITTED TO IMPEACH THE DEFENDANT WITH HIS THREE PRIOR CONVICTIONS.**

The defendant was previously found guilty in 1997-FEL-000748 of first-degree murder while armed, possession of a firearm during a crime of violence ("PFCPV"), and carrying a pistol without a license ("CPWL"). Should the defendant testify at his trial, the government wishes to impeach him with all three convictions. With regards to the defendant's first-degree murder

conviction, contrary to the defendant's assertions, the government acknowledges the risk of unfair prejudice related to the defendant's prior murder conviction, as noted in its initial motion. *See* ECF No. 55 at 2. As such, the government argues that a compromise approach, one that is reasonable and grounded in case law, is appropriate. Under this compromise, the government wants to impeach the defendant with the fact that he: (1) was previously convicted of a felony offense involving a firearm; (2) was sentenced to a term of 30 years' to life imprisonment; and (3) the year of his conviction. *See id*. Regarding the defendant's PFCOV conviction, the government wants to impeach the defendant with the fact that he: (1) was previously convicted of PFCOV; (2) was sentenced to a term of 5 to 15 years' imprisonment; and (3) the year of his conviction. Finally, regarding the defendant's CWPL conviction, the government wants to impeach the defendant with the fact that he: (1) was previously convicted of CPWL; (2) was sentenced to a term of 20 months to 5 years' imprisonment; and (3) the year of his conviction. This compromise approach is appropriate because it would be "unfair to the government to completely prevent it from presenting relevant impeaching evidence that would otherwise be admissible." *United States v. Kelly*, No. 21-CR-59 (RC), 2023 WL 3203089, at *10 (D.D.C. May 2, 2023) (quoting *United States v. Pettiford*, 238 F.R.D. 33, 42 (D.D.C. 2006)). Moreover, the danger of unfair prejudice does not outweigh the probative value under this compromise. In assessing whether the probative value of a prior conviction outweighs its prejudicial effects, the D.C. Circuit has considered the following factors: 1) the nature of the crime, 2) the time of the conviction, 3) the similarity of the past crime to the charged crime, 4) the importance of the defendant's testimony, and 5) the degree to which the defendant's credibility is central to the case. *United States v. Jackson*, 627 F.2d 1198, 1210 (D.C. Cir. 1980).

*First*, the government should be permitted to elicit the fact that the defendant was convicted of a felony involving a firearm. With regard to the nature of the crime, although a first-degree murder conviction does not directly involve dishonesty, it is the type of crime that courts have deemed impeachable convictions with some details removed (to ensure unfair prejudice does not overwhelm probative value). In *United States v. Giles*, the defendant previously had been convicted of, *inter alia*, two counts of second-degree murder, assault with a deadly weapon with intent to kill, and being a felon in possession of a firearm. 496 F. Supp. 3d 21, 29 (D.D.C. 2020). The court precluded the government from introducing underlying case details related to the defendant's prior convictions. However, the court allowed the government to introduce evidence indicating that the defendant was convicted of gun-related felonies. *Id*. at 31. As with *Giles*, the government merely seeks to present evidence that the defendant was previously convicted of a felony firearms offense.

With regard to PFCOV, previous courts have permitted PFCOV to be admitted under Rule 609. *See United States v. Ford*, No. 15-0025 (PLF), 2016 WL 259640, at *9 (D.D.C. Jan. 21, 2016) ("The Rule 609 balance tips in favor of admitting… for impeachment purposes…the defendant's District of Columbia conviction for possession of a firearm during a crime of violence"). The court stated, "even though each of the remaining prior crimes do not involve explicit dishonest acts or false statements these crimes still say something about the defendant's ability to be truthful while under oath." *Id.* at *9 (quoting *United States v. Moore*, 75 F. Supp. 3d 444, 455 (D.D.C. 2014) (internal quotations omitted). Finally, the court should allow the government to impeach the defendant with his CWPL conviction as well. Courts have admitted firearm convictions where

other factors support admission. *United States v. Jefferson*, 2021 WL 6196988, at * 5 (D.D.C. Dec. 30, 2021) (two prior convictions for unlawful possession of a gun and ammunition relevant).

*Second*, while the proximity of the three prior convictions does not weigh heavily in favor of admission in this case, in line with Circuit caselaw, the government should be permitted to elicit the length of the defendant's prior sentence. *United States v. Pettiford*, 238 F.R.D. 33, 42 (D.D.C. 2006) ("[T]he Government may cross-examine Defendant—should he choose to testify—concerning the fact that he is a convicted felon who was previously sentenced in 1991 to a term of seven to twenty-one years imprisonment."); *United States v. Kelly*, No. CR 21-0059 (RC), 2023 WL 3203089, at *10 (D.D.C. May 2, 2023). The defendant alleges that mention of the specific sentence would "unnecessarily inflame jurors" (Def. Mot. at 3), but this Circuit has analyzed possible unfair prejudice and found specifically that length of sentence is a factor that should be admitted in a "compromise" approach and "such a compromise respects the general trend towards admissibility under Rule 609(a) and allows the Government to introduce relevant, probative evidence while at the same time cabining any possible unfair prejudice faced by Defendant." *See United States v. Pettiford*, 238 F.R.D. 33, 42 (D.D.C. 2006) ("[T]he Government may cross-examine Defendant—should he choose to testify—concerning the fact that he is a convicted felon who was previously sentenced in 1991 to a term of seven to twenty-one years imprisonment.").[1]

---

[1] Though defendant's conviction is over ten years old, defendant was released in February 2020 and his probation was terminated in July 2023 (mere weeks before the instant offense). Thus, the "more stringent limitations" that "govern the use of prior convictions that are more than ten years old" and require a finding that the probative value *substantially* outweighs its prejudicial effect are inapplicable. *Moore*, 75 F. Supp. 3d at 453; Fed. R. Evid. 609(b).

Therefore, the government should be permitted to elicit, should the defendant testify, the length of sentence for each of his convictions.

*Third*, with regard to the degree to which the prior conviction is similar to the crime at issue, most courts have found that same-crime convictions may be unfairly prejudicial, although it is not necessarily dispositive. *See United States v. Isaac*, 449 F.2d 1040, 1043 (D.C. Cir. 1971) (allowing impeachment with one, but not two, prior convictions of the same crime); *Jefferson*, 2021 WL 6196988, at *5 (admitting prior conviction similar to charged conduct given other factors). One D.C. Circuit panel, however, noted that close similarity may actually increase probative value under certain circumstances. *United States v. Lewis*, 626 F.2d 940 (D.C. Cir. 1980). In *Lewis*, while on trial for multiple distribution counts, the defendant testified that he had never sold drugs and tried to convince the jury he was a "stranger to the use and sale of illegal drugs." *Id.* at 947. On cross-examination, the defendant was impeached by his admission that he had been convicted previously for the distribution of drugs. *Id.* at 948. The trial judge found that the denials "made his credibility an even more vital consideration in the trial" and added support for the judge's ruling admitting the prior conviction. *Id.* The D.C. Circuit concluded the admission of the prior conviction was reasonable noting the similarity between the prior conviction and crime at issue "does not render the prior conviction inadmissible" and "may even, as the judge found here, increase its probative value." *Id.* at 950. The Court went on to say a limiting instruction should be provided when the conviction is admitted and again in the final instructions. *Id.* Here, this factor weighs in favor of admission of all three convictions: while the two offenses both involve firearms, the first-degree murder and PFCOV convictions and the instant case are clearly different crimes. Admittedly, the defendant's previous CPWL conviction is similar to the charge

7

in the instant offense, it too should be admissible given the strength of the other factors and the ability to provide multiple limiting instructions as in *Lewis*. Accordingly, this factor weighs in favor of admission.

*Finally*, because the importance of the defendant's testimony and the degree to which the defendant's credibility is absolutely central to the case, both weigh in favor of admitting the prior conviction. As the D.C. Circuit has noted, "it is unfair and misleading to a jury, when credibility is at issue, to refuse to admit relevant evidence that is directly probative on that issue." *Lewis*, 626 F.2d at 950. A defendant's testimony has a significant effect upon a juror's evaluation of the crime and any defenses. *See Moore*, 75 F. Supp. 3d at 455 ("what Moore might say in his own defense— e.g., the gun wasn't mine, the drugs were for personal use—could play a significant role in the jury's verdict. Hence, the probative value of Moore's prior convictions is quite high."); *Jackson*, 627 F.3d at 1209-10 ("had Jackson chosen to take the stand his credibility would have been centrally in issue as it related to his 'flim flam' defense"). In this case, should he choose to testify, the defendant's testimony, and therefore his credibility, would be central to his defense. Indeed, no evidence has been put forth to date that any other individual was in possession of the firearm that was recovered from inside his pants. As a result, any argument to the contrary would rely entirely upon the defendant's testimony.

Taken together, the five *Jackson* factors indicate the probative value of the prior convictions outweigh any prejudicial effect. It is imperative that the jury have all of the facts relevant to the defendant's credibility which includes knowledge of his three prior convictions, the sentence length of each conviction, and the year in which he was convicted. Any prejudice can be cured by an appropriate cautionary instruction to the jury by the Court. *See Lewis*, 626 F.2d at 948.

7

**B. FRE 608 PERMITS THE GOVERNMENT TO IMPEACH THE DEFENDANT WITH HIS PAST INSTANCE OF PERJURY.**

In addition to the defendant incorrectly analyzing Rule 609, the defendant's analysis of Rule 608 is also incorrect. The defendant argues that "the fact that Mr. Plummer perjured himself nearly thirty years ago is not probative of his character for untruthfulness this many years removed from the event at issue," implying that, like Rule 609(b), Rule 608 has some type of time threshold for admissibility that precludes impeaching acts that occurred over some imaginary point in the past. The defendant's argument is not supported by the plain text of Rule 608 or case law. Therefore, the court should disregard it. Rule 608 states:

> **(a) Reputation or Opinion Evidence.** A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.

> **(b) Specific Instances of Conduct.** Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of…the witness.

Fed. R. Evid. 608. As evidenced by the text, there is no time threshold for admissibility in the rule that precludes the government from impeaching the defendant about his perjury from nearly 30 years ago.

In addition to there being no time-threshold in Rule 608, "Fed. R. Evid. 608(b) allows a party to attack the credibility of a witness by cross-examining him on specific instances of past conduct." *United States v. Whitmore*, 359 F.3d 609, 618 (D.C. Cir. 2004); *see also United States v. Okafor*, No. CR 23-116 (JDB), 2024 WL 4263928, at *14 (D.D.C. Sept. 23, 2024) (permitting cross examination of defendant on prior instances where defendant "lied to courts and probation

officials" approximately ten years prior). Instances of misconduct are clearly probative of the character for truthfulness or untruthfulness, including past incidents of perjury. *See United States v. Nelson*, 2024 U.S. Dist. LEXIS 48824, *115 (C.D. Cal. March 11, 2024). Whether a person lied under oath in the past is in indicator of their trustworthiness and is thus probative as to whether they will lie again if placed under oath.

Moreover, if the defendant testifies at trial, not only can the government impeach him with the *fact* that he perjured himself, the government can introduce his *past statements as evidence* against him, proving that he perjured himself. The defendant's prior statements are admissible as an admission by a party-opponent under Rule 801(d)(2)(A) and as a prior inconsistent statement under Rule 613(b). *See United States v. Lutz*, 153 F.3d 723 (4th Cir. 1998) (allowing the defendant to be impeached with a prior statement under Rule 801(d)(2)(A) and saying that impeaching the defendant with his prior statement did not violate Rule 608(b)). At his trial on June 25, 1998, the defendant was asked under oath whether he shot the victim, Dennis Hines. He stated that he did not. *See* Gov't Ex. 1 at 4. However, in advance of his IRAA submission on August 12, 2019, the defendant wrote a letter to the victim's family stating "I accept responsibility for taking Dennis's life carelessly." *See* Gov't Ex. 2.

As noted in the case law, Rule 608(b)(1) allows specific instances of a witness's conduct to be inquired into on cross examination if they are probative of the truthfulness or untruthfulness of the witness. *United States v. Ling*, 581 F.2d 1118, 1120 (4th Cir. 1978) ("[A] defendant who voluntarily offers himself as a witness and testifies in his own behalf subjects himself to legitimate and pertinent cross-examination to test his veracity and credibility.") The fact that the defendant, through counsel, disclosed his untruthful testimony in a bid for release decades later cannot absolve

him of his previous lies. Especially, when the defendant has made contradictory statements on whether he murdered someone in cold blood. It is of no consequence that the defendant was not convicted of perjury for the government to use that fact and his previous inconsistent statements during a cross examination. The fact remains: the defendant perjured himself in his original trial testimony. If the defendant testifies at trial, the government should be permitted to ask whether he perjured himself in the past. If he says that he has not, the government should permitted to introduce his previous inconsistent statements as evidence to contradict him.

## **CONCLUSION**

For the foregoing reasons, this Court should grant the government's motion.

Respectfully submitted,

EDWARD R. MARTIN, JR.
UNITED STATES ATTORNEY
D.C. Bar No. 481866

Dated: February 14, 2025          By:     */s/ Rachel Craft*
                                          Rachel Craft
                                          N.Y. Bar No. 5613708
                                          Special Assistant United States Attorney
                                          United States Attorney's Office for the
                                          District of Columbia
                                          (202) 468-0073
                                          Rachel.Craft2@usdoj.gov

                                          Jared English
                                          D.C. Bar No. 1023926
                                          Assistant United States Attorney
                                          United States Attorney's Office for the
                                          District of Columbia
                                          601 D Street NW
                                          Washington, D.C. 20530
                                          (202) 465-0089
                                          Jared.English@usdoj.gov