UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL PLUMMER,<br><br>Defendant. | Case No. 23-CR-299 (CJN) |

## GOVERNMENT'S MOTION TO COMPEL RECIPROCAL DISCOVERY

The United States of America, by and through undersigned counsel, respectively requests that this Court compel the defendant to produce to the government all undisclosed materials covered by the reciprocal discovery requirements of Federal Rule of Criminal Procedure 16(b)(1). That includes materials that the defense anticipates it will use to support any affirmative defense, as well as materials that the defense anticipates it will use during cross-examination of government witnesses to support its case-in-chief. The government further requests that the Court determine whether anything described in the *ex parte* conference held with defense counsel on March 31, 2025 should be disclosed to the government under Rule 16(b)(1), or alternatively, that the Court place the defendant on notice that the described materials may be excluded at trial if offered in violation of Rule 16(b)(1).

The government has provided significant discovery to defense counsel in seven productions from 2023 through 2025. To date, despite written requests for reciprocal discovery, the government has received not a single document or other item in reciprocal discovery from the defense, despite the defense's obligations to provide such discovery and defense's assertion that they plan to pursue an affirmative defense at trial.

As further described below, a defendant cannot avoid his discovery obligations by claiming that non-disclosed materials are part of confidential trial strategy or offered partially for impeachment purposes if those materials are, in truth, primarily offered to support the defendant's case-in-chief. Nor can a defendant avoid his discovery obligations by claiming that the materials he plans to present at trial are already in the government's possession. The defendant's failure to produce reciprocal discovery to the government suggests that the defense may possess discoverable materials that have not been provided to the government in violation of Federal Rule of Criminal Procedure 16(b)(1).

Federal Rule of Criminal Procedure 16(b) provides:

> If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if (i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

Fed. R. Crim. P. 16(b)(1).

A defendant cannot avoid reciprocal discovery obligations by simply claiming that non-disclosed materials are intended to be used in cross-examination of government witnesses. "If 'case-in-chief' exclusively covered materials introduced after the government rests, then whenever defendants present substantive, non-impeachment, evidence during cross-examination to prove their case—a standard modern trial practice that can hardly be abandoned—such evidence would not be subject to Rule 16(b) pretrial disclosure." *United States v. Crowder*, 325 F. Supp. 3d 131, 136 (D.D.C. 2018) (citation and internal quotation marks omitted). Therefore, counsel must turn over *all* substantive evidence that the defendant intends to introduce if offered to support his case-in-chief, even if offered during cross-examination. *See, e.g.*, *id.* (stating that "to permit defendants to evade pretrial disclosure simply by presenting much (or all) of their case-in-chief

2

before the government rests would frustrate the practical intentions behind Rule 16: to avoid unfair surprise and unwarranted delay by providing both the government and the defense with a broad, reciprocal, right to discovery"); *United States v. Hsia*, No. 98-57, 2000 WL 195067, at *1 (D.D.C. Jan. 21, 2000).

Furthermore, the defendant cannot simply reserve the right to present at trial any of the discovery the government has provided. The reciprocal discovery requirement extends to any materials covered by Rule 16, even if they may already be in the government's possession. *See United States v. Liberto*, 565 F. Supp. 3d 739, 745 (D. Md. 2021) (stating that "courts have considered and rejected the argument that the fact that the government already possesses certain material means that the defendant has no further obligation under Rule 16(b)"); *Hsia*, 2000 WL 195067, at *1 ("The fact that the government already is in possession of the documents does not eliminate defendant's duty to disclose them."). Moreover, there is a continuing duty to "promptly disclose" discoverable information once a party discovers it. Fed. R. Crim. P. 16(c); *see United States v. Aceves-Rosales*, 832 F.2d 1155, 1157 (9th Cir. 1987) (affirming exclusion of a report because defense counsel failed to "notify the court or the Government of the existence of the record *promptly*") (italics in original).

Finally, a defendant that has availed himself of discovery from the government under Rule 16(a) is not exempted from reciprocal discovery obligations imposed by Rule 16(b) by the privilege against self-incrimination. Reciprocal disclosure typically reveals information that is favorable to a defendant, but neither that, nor disclosure that "may help convict him," violates constitutional rights. *United States v. Bump*, 605 F.2d 548, 551–52 (10th Cir. 1979) ("Rule 16 is not invalid as an unlawful interference with defendant's constitutional rights against self-incrimination or to effective assistance of counsel."); *see also United States v. Ellison*, 804 F.

3

App'x 153, 157–58 (3d Cir. 2020) (disclosure of evidence to be used at trial merely "accelerate[d] the timing" (quoting *William v. Florida*, 399 U.S. 78, 85 (1970))).   Nor can a defendant condition his compliance with Rule 16(b) on his decision to testify.  *See, e.g.*, *United States v. Wills*, 40 F.4th 330, 338 (5th Cir. 2022); *United States v. Ryan*, 448 F. Supp. 810, 811 (S.D.N.Y. 1978), *aff'd*, 594 F.2d 853 (2d Cir. 1978) (unpublished table decision) ("While the refusal to testify is constitutionally protected, the trial strategy determination is not so protected.   Since the defendant had availed himself of the strategy to obtain discovery of the government, he must comply with the requirement for reciprocal discovery."); *United States v. Huntress*, No. 13-CV-199S, 2015 WL 631976, at *33 (W.D.N.Y. Feb. 13, 2015); *United States v. Seldon*, No. 2:07-CR-0135, 2008 WL 11384195, at *2 (D. Nev. Oct. 20, 2008), *aff'd*, 462 F. App'x 735 (9th Cir. 2011) (unpublished); *United States v. Warner*, No. 02-CR-506, 2005 WL 2367769, at *13 (N.D. Ill. Sept. 23, 2005), *aff'd*, 498 F.3d 666 (7th Cir. 2007).

Despite the government's compliance with its disclosure obligations under Rule 16(a)(1)(E), and the government's repeated requests for reciprocal discovery, it has received no reciprocal discovery from the defendant.   The defendant's conduct suggests that the defendant may possess evidence that has not been provided to the government and that may implicate the defendant's case-in-chief, and that the defendant plans to disclose this evidence for the first time at trial.   Under Rule 16(d), there are several remedies the Court could fashion to address this potential discovery violation.   "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other relief."   Fed. R. Crim. P. 16(d)(1).   "The court may permit a party to show good cause by a written statement that the court will inspect ex parte."   *Id.* Moreover, "[i]f a party fails to comply with" Rule 16, the court may enter any "order that is just under the circumstances," including, but not limited to, "order that party to permit the discovery

or inspection," or "prohibit that party from introducing the undisclosed evidence." Fed. R. Crim. P. 16(d)(2). The Supreme Court and the Court of Appeals for the D.C. Circuit, along with other federal judicial circuits, have excluded evidence and/or associated witness testimony not produced by the defense prior to trial. *See Taylor v. Illinois*, 484 U.S. 400, 410-11 (1988) (excluding evidence that was not identified by the defendant until the middle of trial); *United States v. Day*, 524 F.3d 1361, 1372-73 (D.C. Cir. 2008) (affirming trial court's exclusion of defense expert witness whose report was not disclosed until the eve of trial for failure to comply with Rule 16); *see also United States v. Scholl*, 166 F.3d 964, 972 (9th Cir. 1999) (upholding the exclusion of defense exhibits because they were not disclosed until after the jury was sworn); *United States v. Alexander*, 869 F.2d 808, 811-12 (5th Cir. 1989) (same).

The government respectfully asks that this Court compel the defendant to produce to the government all undisclosed materials covered by the reciprocal discovery requirements of Federal Rule of Criminal Procedure 16(b)(1). That includes *all* materials that the defense anticipates it will use to support a potential affirmative defense, as well as during cross-examination of government witnesses to support its case-in-chief, including materials that may have been included in the government's discovery productions to the defense. The Government will object at trial if the defendant seeks to introduce information not previously provided and ask the Court to preclude any reciprocal discovery that was not produced to the Government before trial.

/

/

/

/

**CONCLUSION**

For the foregoing reasons, this Court should grant the government's motion to compel reciprocal discovery pursuant to Federal Rule of Criminal Procedure 16(b)(1).

                                                Respectfully submitted,

                                                EDWARD R. MARTIN, JR.
                                                UNITED STATES ATTORNEY
                                                D.C. Bar No. 481866

Dated: April 1, 2025             By:     */s/ Rachel Craft*
                                                Rachel Craft
                                                N.Y. Bar No. 5613708
                                                Special Assistant United States Attorney
                                                United States Attorney's Office for the
                                                District of Columbia
                                                601 D Street NW
                                                Washington, D.C. 20530
                                                (202) 468-0073
                                                Rachel.Craft2@usdoj.gov

                                                Jared English
                                                D.C. Bar No. 1023926
                                                Assistant United States Attorney
                                                United States Attorney's Office for the
                                                District of Columbia
                                                601 D Street NW
                                                Washington, D.C. 20530
                                                (202) 465-0089
                                                Jared.English@usdoj.gov